UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD FIELDS, #194310,

    Plaintiff,

v.

Civil Case No. 08-12222
Honorable Paul V. Gadola
Magistrate Judge Paul J. Komives

NICK LUDWICK, et al.,

    Defendants.

---

# OPINION & ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Bernard Fields, a Michigan state prisoner currently confined at St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint.[1] Plaintiff makes several claims: (1) denial of the right to exhaust administrative remedies; (2) conspiracy under 42 U.S.C. § 1985; (3) failure to intervene pursuant to 42 U.S.C. § 1986; (4) his in-coming and out-going mail are being wrongfully confiscated and seized; (5) his ability to utilize the grievance process has been wrongfully impeded; (6) he has been subjected to retaliatory measures because of his grievance filing; (7) he has been denied proper due process within the prison system, *i.e.*, properly held administrative hearings; (8) his file has been sabotaged with false information by Defendants' failure to remove inaccurate information; and (9) denial of his First and Fourteenth Amendment rights. Accordingly, he maintains that his constitutional rights have been violated. Plaintiff, however, does not articulate specifically what form of relief he is seeking.

---

[1] Plaintiff labels his complaint as follows: "Bill of Particulars - Proof of Claim - Notice of Lawsuit." However, the substance of the pleading is based upon civil rights claims, principles and statutory law. Therefore, the Court interprets it as a civil rights complaint.

Plaintiff failed to submit the requisite number of service copies along with his complaint pursuant to Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry*, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005). Plaintiff also did not pay the required filing fee when he filed his complaint, nor did he submit a proper application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

I.  **Discussion**

Based upon the Court's review of Plaintiff's filing history relative to civil rights complaints, on July 8, 2008, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Additionally, as a result of the above stated filing fee deficiencies, the Court issued an "Order of Deficiency" on July 9, 2008 requiring Plaintiff to either pay the filing fee or submit a properly completed *in forma pauperis* application. The order provided that if Plaintiff did not submit the fee or requested information within thirty (30) days of the date of the order, his case would be dismissed. The Court also entered an order on July 9, 2008 directing the Petitioner to submit the requisite number of service copies within thirty (30) days and that failure to do so may result in dismissal of this case.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). The Court's database reveals that Plaintiff has filed at least three prior cases in the United States District Courts for the Eastern and Western Districts of Michigan, which appear to have been dismissed under one or more of the

parameters set forth under 28 U.S.C. § 1915(g) (*i.e.*, failure to state a claim, frivolousness).

Plaintiff failed to respond to the Court's "Order to Show Cause." Thus, Plaintiff has not established that dismissal of his complaint pursuant to the "three strikes" provision is inappropriate. Moreover, the time for submitting the requisite filing fee or *in forma pauperis* application and the requisite service copies has elapsed, and therefore, Petitioner has failed to timely correct either deficiency.

**II.  Conclusion**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(g), for failure to comply with the Court's previous orders, and for failure to prosecute. Fed. R. Civ. P. 41(b); E.D. Mich. L.R. 41.2.

**SO ORDERED.**

Dated:   September 4, 2008               s/Stephen J. Murphy, III for
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 4, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                          ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Bernard Fields              .

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (810) 341-7845

3